# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

      Plaintiff,

v.                                                                      Case No: 8:20-cv-1581-WFJ-CPT

O.H.M., a/k/a O.H.S., *a minor;* LISA
MAHARAJH, in her Individual
Capacity; LISA MAHARAJH, as
Personal Representative of the Estate
of Dev-Anand A. Maharajh,

      Defendants.

_____/

LISA MAHARAJH, as Personal
Representative of the Estate of
Dev-Anand A. Maharajh,

      Defendant/Counter-Plaintiff,

v.

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant.

_____/

## **ORDER**

This matter comes before the Court on Defendant O.H.M.'s Motion for

Summary Judgment, Dkt. 51. Defendant Lisa Maharajh, in her individual capacity,

filed an affidavit, Dkt. 54, and responses in opposition, Dkts. 56 & 57. O.H.M.

submitted a reply, Dkt. 59. In addition to these filings, the Court received able oral

argument from the parties on December 8, 2021. Upon careful consideration, the

Court grants O.H.M.'s motion.

## BACKGROUND

Defendant O.H.M.'s motion before the Court stems from an action for

interpleader relief by Plaintiff American General Life Insurance Company

("American General"). American General brought its complaint for interpleader

relief, Dkt. 1, due to its uncertainty as to which of the above-styled Defendants is

entitled to the $1,000,000 death benefit under a life insurance policy. American

General's complaint sets forth the following chain of events.

In 2003, Dev-Anand A. Maharajh ("Decedent") purchased a life insurance

policy with a face amount of $1,000,000 from American General. Dkt. 1 at 2.

Decedent was a citizen of Florida, and the policy was sold and delivered in Florida.

*Id.*; Dkt. 40 at 3. Decedent's policy application listed his then-wife, Jennifer

Maharajh (hereinafter Jennifer Spicer), as the primary beneficiary and children

born to their marriage as contingent beneficiaries. Dkt. 1 at 2. In July 2008,

Decedent submitted a change of beneficiary form to make the couple's daughter,

O.H.M., the sole primary beneficiary under the policy. *Id.* Decedent and Jennifer

Spicer were presumably in the process of divorcing during this time. *Id.* at 2−3. On

2

August 12, 2008, American General sent Decedent a letter acknowledging that his requested change of beneficiary had been recorded. *Id.* at 2−3. Decedent and Jennifer Spicer's divorce was finalized one month later. *Id.* at 3.

Decedent married Defendant/Counter-Plaintiff Lisa Maharajh, also a Florida citizen, in September 2009. *Id.* On or around November 8, 2009, Decedent submitted a change of beneficiary form to American General to modify his beneficiary designations and update his permanent address. Dkt. 1-4. The 2009 change of beneficiary listed Lisa Maharajh as 75% primary beneficiary and O.H.M. as 25% primary beneficiary. *Id.* at 2. Decedent also listed O.H.M. and A.M[1] on this form as 50% contingent beneficiaries. *Id.* Though O.H.M. and A.M. are minors, Decedent did not complete the form's Minor Beneficiary Clause as required by the form's instructions. *Id.* Additionally, Decedent appeared to have mistakenly checked boxes indicating that his requested designations were in effect for "Spouse Insured" and "Other – Child" coverage, rather than "Based Insured" coverage under the policy. *Id.*; Dkt. 51-2 at 5−6.

American General rejected the change of beneficiary form as defective on two grounds: (1) O.H.M. was listed on the form as both a primary and contingent beneficiary, and (2) Decedent did not provide his relationship to A.M. Dkt. 1 at 3; Dkt. 1-5 at 2. Though American General did not accept the changes to the

---

[1] A.M. is the minor child of Lisa Maharajh from a previous relationship. Dkt. 51-1 at 3.

beneficiary designations, it updated Decedent's permanent address as requested.
Dkt. 1-5 at 2. The insurance company stated that it mailed Decedent a letter to his
updated address on November 17, 2009 to notify him of this rejection. *Id.*; Dkt. 1
at 3. Enclosed with this letter was a new change of beneficiary form for Decedent
to complete and return to American General. Dkt. 1-5 at 3. Lisa Maharajh contends
that Decedent never received the letter. Dkt. 35 at 3; Dkt. 54 at 3−4. American
General did not receive a corrected change of beneficiary form from Decedent, nor
did it receive any subsequent change of beneficiary forms from Decedent prior to
his death. Dkt. 51-2 at 7−8. Consequently, O.H.M. remained listed as the sole
primary beneficiary under Decedent's policy. *Id.* at 4. Decedent and Lisa Maharajh
paid the policy's monthly premiums from their joint checking account for the
remainder of Decedent's life. Dkt. 54 at 2.

Decedent died in Florida on April 21, 2020. Dkt. 51-3 at 2. Six days later,
Lisa Maharajh submitted a proof of death statement to American General to
recover the full amount of the policy's proceeds. Dkt. 1 at 3; Dkt. 1-6. Prior to
Decedent's death, O.H.M. was legally adopted by Jennifer Spicer's new husband.
Dkt. 1 at 3. Lisa Maharajh's former attorney purported to American General that
O.H.M.'s adoption disqualified the minor as a beneficiary to the policy proceeds
under Florida law. Dkt. 1-7 at 1−2. In May 2020, American General received a
proof of death statement signed by Jennifer Spicer, who sought to recover the full

4

amount under the policy on O.H.M.'s behalf. Dkt 1 at 4; Dkt. 1-8. Around this time, Lisa Maharajh's former attorney initiated a probate proceeding in which Lisa Maharajh moved the Sixth Judicial Circuit in Pasco County, Florida, to order American General to disburse the majority of the policy's death benefit to her and up to 25% to O.H.M. after a determination of O.H.M.'s right to such a remainder. Dkt. 13-1 at 36−39.

While Lisa Maharajh's motion remained pending before the probate court, American General filed its interpleader complaint, Dkt. 1, before this Court. The insurance company stated that it was unclear as to who is entitled to the death benefit of Decedent's policy. Dkt. 1 at 4. Lisa Maharajh and O.H.M. disagree as to whether the rejected 2009 change of beneficiary form controls the distribution of the policy's proceeds. Dkt. 51 at 3. The Court previously granted the insurance company's motion, Dkt. 27, to deposit the $1,000,000 death benefit into the Court's registry. Dkt. 29.

Lisa Maharajh subsequently filed a breach of contract counterclaim, Dkt. 40, against American General based on its rejection of Decedent's 2009 change of beneficiary form. American General filed a motion to dismiss this counterclaim. Dkt. 47. The magistrate judge granted that motion in part, thereby dismissing Lisa Maharajh's counterclaim with leave to amend. Dkt. 60. Remaining before the Court is O.H.M.'s motion for summary judgment, Dkt. 51, in which O.H.M.

5

asserts that she is the rightful beneficiary to Decedent's policy proceeds.

## LEGAL STANDARD

A district court should grant summary judgment only when it determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim that might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record, in its entirety, could lead a rational trier of fact to find for the nonmovant. *Id.* The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Id.*

In deciding a motion for summary judgment, a court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). Upon doing so, the court must determine whether a rational jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the inferences arising from undisputed facts, a court should deny summary judgment. *Allen*, 121 F.3d at 646.

## ANALYSIS

Under Florida law, changes to beneficiary designations under a life insurance policy must strictly comply with the policy's conditions. *Protective Life Ins. Co. v. Walker*, No. 8-09-cv-363-T-EAJ, 2010 WL 11628819, *2 (M.D. Fla. Jan. 7, 2010) (quoting *Brown v. Di Petta*, 448 So. 2d 561, 562 (Fla. 3d DCA 1984)). The doctrine of strict compliance is one that protects insurance companies and rejects the view that equitable arguments can prevail over a contract's express terms. *U.S. Life Ins. Co. in the City of N.Y. v. Logus Mfg. Corp.*, 845 F. Supp. 2d 1303, 1314−15 (S.D. Fla. 2012). An individual claiming to be a substitute beneficiary under a life insurance policy bears the burden of proving strict compliance. *Lincoln Benefit Life Co. v. LaFrance*, No. 6:16-cv-538-Orl-40TBS, 2017 WL 4861308, at *3 (M.D. Fla. Sept. 18, 2017).

To establish strict compliance, one must show that the insured (1) manifested to the insurer a clear intent of a desire to change the beneficiary designation and (2) took substantial affirmative steps to effectuate that change. *LaFrance*, 2017 WL 4861308, at *3 (quoting *Logus Mfg. Corp.*, 845 F. Supp. 2d at 1314). A change of beneficiary will typically be deemed complete when the insured "has taken all steps necessary, and otherwise done all in his power, to effect a change of beneficiary, and all that remains to be done is some ministerial duty" on the part of the insurer. *Logus Mfg. Corp.*, 845 F. Supp. 2d at 1315

7

(quoting *Sheppard v. Crowley*, 55 So. 841, 842 (Fla. 1911)).

Here, it is undisputed that prior to Decedent's submission of the 2009 change of beneficiary form, O.H.M. was the sole primary beneficiary under the policy. The question before the Court is whether the 2009 form changed the policy's primary beneficiary designation to O.H.M. as a 25% beneficiary and Lisa Maharajh as a 75% beneficiary. Given that Lisa Maharajh is the party claiming that the rejected 2009 form controls, she bears the burden of proving Decedent's strict compliance with the policy's terms.

Both parties agree that the only relevant provision in the policy is the Change of Owner or Beneficiary provision, which states:

> While this policy is in force the owner may change the beneficiary or ownership by written notice to us. When we record the change, it will take effect as to the date the owner signed the notice, subject to any payment we make or other action we take before recording.

Dkt. 1-1 at 9. Lisa Maharajh asserts that the 2009 form strictly complied with the policy's terms, as this provision requires nothing of a change of beneficiary form other than it be in writing. Dkt. 56 at 7. She therefore argues that American General's grounds for rejecting the 2009 form—the listing of O.H.M as both a primary and contingent beneficiary and the failure to identify Decedent's relationship to A.M.—were not valid reasons for rejection under the policy. *Id.* at 8−9. Lisa Maharajh also points to American General's acceptance of Decedent's requested permanent address change on the 2009 form in support of her position.

*Id.* at 10. She contends that, like the accepted permanent address portion of the form, there was nothing wrong with Decedent's requested changes in the primary beneficiary designation section. *Id.* Rather, she posits that the two supposed defects identified by American General only pertained to the form's contingent beneficiary section. *Id.* at 9−11. Lisa Maharajh therefore asserts that American General should have accepted Decedent's requested primary beneficiary changes. *Id.* at 9−10.

Conversely, O.H.M. contends that Lisa Maharajh has failed to meet her burden of proving Decedent's strict compliance with the policy's terms. Dkt. 51 at 10−11. Pointing to the second sentence of the Change of Owner or Beneficiary provision, O.H.M. asserts that the policy expressly provides American General with the broad authority to take "other action" prior to recording any requested changes. *Id.* at 6−7. O.H.M states that, given this authority, simply submitting a written change of beneficiary form does not automatically change a policy's beneficiary designation. *Id.* at 6.

O.H.M. also asserts that the defects in Decedent's 2009 form, including ones not cited by American General in its rejection letter, demonstrate why the insurance company properly refused to accept Decedent's requested changes to his beneficiary designations. *Id.* at 7−10. First, O.H.M. notes that listing the same individual as both a primary and contingent beneficiary leads to confusion and administrative problems if that individual does not survive the insured. *Id.* at 7−8.

Second, O.H.M. states that the failure to identify Decedent's relationship to requested contingent beneficiary A.M. would lead to additional administrative concerns given many states have revocation by divorce statutes, some of which also apply to the relatives of former spouses upon divorce. *Id.* at 8−9. Third, she points to Decedent's checking of boxes on the 2009 form that incorrectly signified that the requesting changes were to be made to policies for spouse and child coverage. *Id.* at. 9. Finally, O.H.M. acknowledges that Decedent designated two minors—O.H.M. and A.M.—as beneficiaries without completing the required Minor Beneficiary Clause on the form. *Id.* at 9−10. O.H.M. notes that Decedent properly completed that section when designating her as the sole primary beneficiary in 2008. *Id.* at 10.

The Court agrees that Lisa Maharajh has failed to meet her burden of proving Decedent's strict compliance with the policy's terms. The policy expressly states that "[a change of beneficiary] will take effect . . . *subject to any payment we make or other action we take* before recording." Dkt. 1-1 at 9 (emphasis added). Under Lisa Maharajh's reading of the policy, American General would essentially be required to accept and record all change in beneficiary forms so long as they are in writing. This is an unrealistic standard. Rather, the "subject to . . . other action" language must be read as creating an objectively reasonable standard. *See O'Brien v. McMahon*, 44 So. 3d 1273, 1279 (Fla. 5th DCA 2010) (applying an objectively

10

reasonable standard in construing a policy's requirement that change of beneficiary requests be made "in a form that meets [insurer's] needs").

American General's rejection of Decedent's 2009 change of beneficiary form based on defects was objectively reasonable. Courts applying Florida law have recognized life insurance companies' authority to reject change of beneficiary forms deemed defective. *See, e.g.*, *Logus Mfg. Corp.*, 845 F. Supp. 2d at 1316−17 (finding insurer's rejection of change of beneficiary form based on insured's failure to include his corporate title was objectively reasonable); *Walker*, 2010 WL 11628819, at *2 (acknowledging insurer's rejection of change of beneficiary form due to appearing altered). Via its rejection letter, American General explained its reason for refusing Decedent's 2009 form and provided him with a new form to complete and return. Decedent's failure to submit an amended form as requested suggests that he had not taken all necessary steps and done all in his power to effect a change of beneficiary, as is required under Florida's strict compliance doctrine.

Lisa Maharajh, however, contends that Decedent never received the insurance company's rejection letter or accompanying new form. In Florida, there is a general presumption that a company's ordinary course of business is followed in a given case absent a contrary showing. *Brown v. Giffen Indus., Inc.*, 281 So. 2d 897, 900 (Fla. 1973) (on rehearing) (noting that proof of general office practices is

sufficient to establish due mailing). Accordingly, items mailed in the ordinary course of business are presumed to have been received by the addressee. *Allstate Ins. Co. v. Eckert*, 472 So. 2d 807, 809 (Fla. 4th DCA 1985). To expect evidence of actual mailing or receipt of the letter would be "totally unreasonable." *Brown*, 281 So. 2d at 899–900.

Here, American General produced a copy of its letter rejecting the 2009 form, Dkt. 1-5, and admitted that it mailed the letter to Decedent's updated permanent address in November 2009, Dkt. 51-2 at 7. Lisa Maharajh offers no evidence to refute the documentation submitted by American General. Given American General's well-documented records of mailed correspondence (i.e., the several copies of mailings to and from American General attached as exhibits to its interpleader complaint), the Court sees no reason to deviate from Florida courts' presumptions of due mailing and receipt. *See Anton v. Phoenix Life Ins. Co.*, No. 17-60293-cv-MORENO/TURNOFF, 2017 WL 6948167, at *6 (S.D. Fla. Oct. 26, 2017). Decedent is presumed to have received American General's letter rejecting his 2009 change of beneficiary form.

Moreover, from the time that American General rejected Decedent's change of beneficiary form in November 2009 to Decedent's death in April 2020, there is no evidence of Decedent contacting American General to confirm, or otherwise inquire about, his requested change of beneficiaries. Decedent's failure over a

period of nearly eleven years to confirm the acceptance of his 2009 change of beneficiary form prevents any reasonable reliance on that form. *See Logus Mfg. Corp.*, 845 F. Supp. 2d at 1319 (finding defendant's nine-year failure to confirm a change of beneficiary designation rendered its reliance unreasonable).

## CONCLUSION

For the foregoing reasons, Defendant O.H.M.'s Motion for Summary Judgment, Dkt. 51, is **GRANTED**. Accordingly, Defendant Lisa Maharajh's counterclaim, Dkt. 40, and Plaintiff American General's motion to dismiss, Dkt. 42, are rendered moot. The Clerk is directed to enter judgment and close the case.

**DONE AND ORDERED** at Tampa, Florida, on December 16, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record